**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1693

JASON W. HAGGARD, as Administrator of the Estate of Justin P. Haggard,

Plaintiff - Appellant,

v.

TODD R. ELLIS; LAW OFFICE OF TODD ELLIS, P.A.; CHAD E. POTEAT; POTEAT LAW FIRM, LLC,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  David Shepardson Cayer, Magistrate Judge.  (5:20-cv-00168-DSC)

Submitted:  December 20, 2023                          Decided:  January 8, 2024

Before AGEE and WYNN, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Brian S. Tatum, TATUM LAW FIRM, PLLC, Charlotte, North Carolina, for Appellant.  Melody J. Jolly, Stephen J. Bell, CRANFILL SUMNER LLP, Wilmington, North Carolina, for Appellees Todd Ellis and the Law Office of Todd Ellis, P.A.  Luke P. Sbarra, M. Duane Jones, HEDRICK GARDNER LLP, Charlotte, North Carolina, for Appellees Chad Poteat and the Poteat Law Firm, LLC.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason W. Haggard, as the administrator of the Estate of Justin P. Haggard, appeals from the magistrate judge's order granting summary judgment to Defendants on his civil claim for legal malpractice.* Reviewing the magistrate judge's grants of summary judgment to Defendants de novo, *Smith v. CSRA*, 12 F.4th 396, 402 (4th Cir. 2021), we find no reversible error. We affirm the grant of summary judgment to Defendants Todd R. Ellis and the Law Office of Todd Ellis, P.A. on the basis that Haggard failed to establish a triable issue that any negligence by these Defendants proximately caused damage to him and reject as without merit Haggard's appellate arguments challenging the summary judgment grant in their favor. We also affirm the magistrate judge's grant of summary judgment to Defendants Chad E. Poteat and the Poteat Law Firm, LLC on the basis that Haggard failed to establish a triable issue that the underlying action for medical malpractice was valid based on a failure to establish a breach of the relevant standard of care. We further reject as without merit Haggard's appellate arguments challenging the summary judgment grant in favor of these Defendants.

Accordingly, we affirm the magistrate judge's order. *Haggard v. Ellis*, No. 5:20-cv-00168-DSC (W.D.N.C. May 24, 2022). We dispense with oral argument because the

---

* The parties consented to the jurisdiction of the magistrate judge under 28 U.S.C. § 636(c).

2

facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*